FILED
United States Court of Appeals
Tenth Circuit

January 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID WILSON,

      Plaintiff - Appellant,

v.

CITY OF OKLAHOMA CITY;
OKLAHOMA COUNTY; OKLAHOMA
COUNTY COMMISSIONERS;
OKLAHOMA COUNTY JAIL; STATE OF
OKLAHOMA,

      Defendants - Appellees.

No. 11-6282
(D.C. No. 5:11-CV-01131-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.


David Wilson, appearing pro se, seeks review of the district court's dismissal of

his complaint. He also requests leave to proceed on appeal *in forma pauperis*. We

exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

On October 5, 2011, Mr. Wilson filed a complaint. The district court recognized that as a pro se plaintiff, Mr. Wilson was entitled to liberal construction of his pleadings. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Nevertheless, the district court reasoned that it was "not required to imagine or assume facts in order to permit a complaint to survive." *Wilson v. Oklahoma City*, No. CIV-11-1131-C, at 1 (W.D. Okla. Oct. 20, 2011). The district court dismissed the case sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii), because the complaint had not stated allegations that, if proven, could establish a violation of the laws the complaint "vaguely reference[d]." *Id.* at 1-2. Mr. Wilson filed a timely notice of appeal.

"We review de novo the district court's decision to dismiss an [*in forma pauperis*] complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Such a dismissal "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (quotations omitted). In evaluating "whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quotations omitted). "[W]e look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218 (quotations omitted). "[F]actual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Id.* (quotations omitted).

Applying these standards, we have carefully reviewed the complaint and the full

record in this case. We have construed Mr. Wilson's pro se complaint liberally, but we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quotations omitted). We agree with the district court's conclusion that dismissal is proper because Mr. Wilson cannot prevail on the facts he has alleged and because an opportunity to amend would be futile.

Thus, for substantially the same reasons articulated in the district court's orders dated October 20, 2011, and November 21, 2011, we deny leave for Mr. Wilson to proceed *in forma pauperis* and dismiss this appeal for failure to state a claim upon which relief can be granted. Mr. Wilson's pending motion for a protective order is denied.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge